**ORIGINAL**

**FILED**

01/24/2023

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 21-0603

## IN THE SUPREME COURT OF THE STATE OF MONTANA

### DA 21-0603

SHALAINE LAWSON,

Plaintiff and Appellee/Cross-Appellant,

v.

NORVAL ELECTRIC COOPERATIVE, INC.,

Defendant and Appellant/Cross-Appellee.

**FILED**

JAN 2 4 2023

Bowen Greenwood
Clerk of Supreme Court
State of Montana

**O R D E R**

Appellee/Cross-Appellant Shalaine Lawson has filed a petition for rehearing following issuance of the Court's Opinion in this matter on December 20, 2022. Appellant/Cross-Appellee Norval Electrical Cooperative, Inc., has filed an objection opposing the petition.

The Montana Rules of Appellate Procedure set forth limited grounds for rehearing. *See* M. R. App. P. 20(1)(a). The Court will consider a rehearing petition only upon grounds that (i) it overlooked some fact material to the decision, (ii) it overlooked some question presented that would have been decisive to the case, or (iii) its decision conflicts with a statute or controlling decision not addressed by the Court. M. R. App. P. 20(1)(a).

Lawson appears to present her petition under Rule 20(1)(a)(iii), arguing this Court's front-pay damages determination did not address or reconcile either § 39-2-912(1), MCA, which provides that the Wrongful Discharge from Employment Act (WDEA) does not apply to discrimination or retaliation claims, or § 49-2-506(1)(b), MCA, which does not include a damage cap for discrimination claims. Given these statutes, Lawson argues at length that it was error for the Human Rights Commission (HRC) to use or even refer to the WDEA as guidance for a discrimination front-pay damage award.

This issue was addressed in the Court's Opinion, and Lawson's rehearing argument overlooks precisely what the Opinion explained the District Court had overlooked when it increased the front-pay damage award: that the HRC, apart from any consideration of the WDEA, "*alternatively determined*, based upon its review of the record, that the Hearing Officer's four-year award was not clearly erroneous, but rather a correct determination of front pay damages in the case." Opinion, ¶ 45 (emphasis added). Thus, regardless of any error that could be ascribed to the HRC's reference to the WDEA, the agency determined a four-year award was "otherwise justified by the record," a specific conclusion Lawson does not challenge or address. Opinion, ¶ 45.

Lawson has not established any conflict between the Court's decision and the cited statutes or controlling precedent. M. R. App. P. 20(1)(a)(iii). Therefore,

IT IS ORDERED that the petition for rehearing is DENIED.

The Clerk is directed to mail copies hereof to counsel of record for the respective parties.

DATED this 24ᵗʰ day of January, 2023.

_____
Chief Justice

_____

_____

_____

_____
Justices